# UNITED STATES DISTRICT COURT
# DISTRICT OF MINNESOTA

---

Rashad Norwood,                           Case File No.:   11cv3282 (MJD/SER)

                Petitioner,

v.                                         **REPORT AND RECOMMENDATION**

Mark Thieland,

                Respondent.

---

Rashad Norwood, 204100, MCF Faribault, 1101 Linden Lane, Faribault, MN 55021

Matthew Frank and Kimberly Parker, Minnesota Attorney General's Office, 445 Minnesota Street, Suite 1800, St. Paul, MN 55101

---

This case is before the undersigned United States Magistrate Judge on Norwood's application for habeas corpus relief under 28 U.S.C. § 2254.   The case has been referred to this Court for a Report and Recommendation pursuant to 28 U.S.C. § 636 and Local Rule 72.1.   For the reasons discussed below, it is recommended that this case be summarily dismissed with prejudice, pursuant to Rule 4 of The Rules Governing Section 2254 Cases in the United States District Courts.[1]

## I.  BACKGROUND

In 2009 a Minnesota sheriff's deputy pulled over Rashad Norwood's ("Norwood") car. The deputy arrested Norwood because he suspected Norwood was driving while impaired. Norwood's car was impounded and inventoried, but nothing of significance was discovered at that time.

---

[1]  Rule 4 provides that "[i]f it plainly appears from the petition and any attached exhibits that the Norwood is not entitled to relief in the district court, the judge must dismiss the petition

1

At the time of his arrest, Norwood was carrying a large amount of cash, ($1442), and the sheriff's department received one or more calls inquiring about Norwood and the impounded vehicle.[2]   These factors prompted the deputy who arrested Norwood to bring a dog to the vehicle.   The dog sniffed the vehicle and detected an odor of narcotics.   A search warrant was obtained, and the law enforcement officials executing the warrant discovered a box in the trunk containing 18.7 grams of cocaine.   Norwood was charged with possession of a controlled substance.

Norwood brought a motion to suppress the evidence found pursuant to the search warrant, but his suppression motion was denied.   Thereafter, Norwood pled guilty to driving while impaired, and he went to trial on the controlled substance charge.   The case was tried based on a set of stipulated facts, and Norwood was found guilty of second degree possession of a controlled substance.   On March 1, 2010, Norwood was sentenced to 78 months in state prison.   (Petition, [Docket No. 1], §§ 1-3.)   He is currently serving his sentence at the Minnesota Correctional Facility in Faribault, Minnesota.

After Norwood was convicted and sentenced, he filed a direct appeal.   In that appeal, Norwood renewed the arguments raised in his earlier suppression motion.   He again claimed that the evidence used to convict him (i.e., the cocaine found in the trunk of the car) was obtained by means of an illegal search and seizure.   The Minnesota Court of Appeals rejected all of Norwood's arguments on the merits and upheld his conviction and the Minnesota Supreme Court denied Norwood's application for further review.   *State v. Norwood*, No. A10-923, 2011 WL 382749, at *3 (Minn. Ct. App 2011), *rev. denied*, Apr. 27, 2011.

---

and direct the clerk to notify the Norwood."

[2]   According to Norwood, law enforcement officials falsely claimed that they received multiple calls from Norwood's friends and family, but in fact there was only a single call from his mother. (*See* Pet'r's. Mem. of Law in Supp. of Pet. p. 1.)

On November 7, 2011, Norwood filed this federal habeas corpus petition. Three grounds for relief are identified in Norwood's petition: (1) the vehicle Norwood was driving at the time of his arrest was unlawfully seized and impounded, because there was no valid reason for impoundment; (2) bringing a dog to sniff the vehicle was an illegal search, because there was no valid reason to suspect that the dog would find anything; and (3) the search warrant for the vehicle was obtained illegally, because the affidavit used to obtain the warrant contained false statements and information.   (Pet., [Doc No. 1], § 12.)

The petition itself does not identify any federal constitutional basis for Norwood's claims for relief.   Norwood's memorandum in support of his petition, asserts that he is challenging the impoundment and subsequent searches of the vehicle on Fourth Amendment grounds.   There Norwood states:

> I'm asking this court to look at the evidence in my case and you will see that my fourth amendment rights were clearly violated in the case.   The drug evidence should have been thrown out, and charges again [sic] me should have been dismissed.

(Pet'r's. Mem. in Supp. of Pet., p. 2.)[3]

For the reasons discussed below, the Court finds that Norwood cannot be granted habeas corpus relief on any of his Fourth Amendment claims, and his petition must be summarily dismissed with prejudice.

## II.  DISCUSSION

Norwood's Fourth Amendment claims are barred by the Supreme Court's decision in

---

[3]   Norwood further argues:

> Here in my case... the police deliberately made... false statements about numerous phone calls to dispatch to attain a dog sniff and a search warrant.   This is a clear violation of my fourth amendment rights.

(Pet'r's. Mem. in Supp. of Pet., pp. 3-4.)

*Stone v. Powell*, 428 U.S. 465 (1976).   There, the Court held that "where the State has provided an opportunity for full and fair litigation of a Fourth Amendment claim, the Constitution does not require that a state prisoner be granted federal habeas corpus relief on the ground that evidence obtained in an unconstitutional search or seizure was introduced at his trial."   *Id*. at 482.

"[A] Fourth Amendment claim is *Stone*-barred, and thus unreviewable by a federal habeas court, unless either the state provided no procedure by which the prisoner could raise his Fourth Amendment claim, or the prisoner was foreclosed from using that procedure because of an unconscionable breakdown in the system."   *Willett v. Lockhart*, 37 F.3d 1265, 1273 (8th Cir. 1994), *cert. denied*, 514 U.S. 1052 (1995).   *See also Poole v. Wood*, 45 F.3d 246, 249 (8th Cir. 1995), *cert. denied*, 515 U.S. 1134 (1995).   "[A] 'mere disagreement with the outcome of a state court ruling is not the equivalent of an unconscionable breakdown in the state's corrective process.'"   *Chavez v. Weber*, 497 F.3d 796, 802 (8th Cir. 2007) (quoting *Capellan v. Riley*, 975 F.2d 67, 72 (2nd Cir. 1992)).

The determination of whether there has been an "unconscionable breakdown" in a state's procedures does not require a review of the state courts' fact-finding process, or a review of the state courts' application of Fourth Amendment law.   *Willett*, 37 F.3d at 1272.   To the contrary, federal courts "are not to consider whether full and fair litigation of the claims **in fact** occurred in the state courts, but only whether the state provided an opportunity for such litigation."   *Id*. at 1273 (emphasis in the original).   On federal habeas review, the "inquiry focuses on whether [the Norwood] received an opportunity for full and fair litigation of his claim, not on whether legal or factual error in fact occurred."   *Chavez*, 497 F.3d at 802.

The Court finds that *Stone* applies here.   The record of the state court proceedings show that Norwood had ample opportunities to present his Fourth Amendment claims.   Norwood's

Fourth Amendment claims were presented and addressed in his initial suppression motion.   The Minnesota Court of Appeals also reviewed Norwood's claims on the merits, and explained why they were properly rejected by the trial court.   *Norwood*, 2011 WL 382749 at *1-3.   Thus, Norwood not only had **an opportunity** to present his Fourth Amendment claims in the state courts, but those claims actually were raised, considered, discussed, and adjudicated on the merits, in both the trial court and in the Minnesota Court of Appeals.   Furthermore, Norwood had yet another opportunity to present his Fourth Amendment claims in his petition to the Minnesota Supreme Court for further review.   Obviously, Norwood disagrees with **the outcome** of the state court proceedings in which his Fourth Amendment claims were addressed, but he does not deny that those proceedings occurred, nor does he deny that they gave him an opportunity to litigate his current Fourth Amendment claims.

In *Poole*, the Eighth Circuit Court of Appeals found that Minnesota law provides ample opportunities for a Minnesota state criminal defendant to raise Fourth Amendment challenges. 45 F.3d at 249.   That determination is controlling here.   In this case, as in *Poole*, Norwood may not "relitigate" his Fourth Amendment claims in a federal habeas proceeding.

## III.   CONCLUSION

Because Norwood received a full and fair opportunity to litigate his Fourth Amendment claims in the Minnesota state courts, *Stone v. Powell* bans federal habeas review of those claims.  The Court therefore recommends that this action be dismissed summarily, with prejudice, pursuant to Rule 4 of the Governing Rules.

Norwood's habeas corpus petition was accompanied by an anomalous collateral motion, [Doc. No. 2], in which he seeks an order overturning his state court conviction.   Having determined that Norwood's habeas corpus petition must be summarily dismissed, the Court further recommends that Norwood's collateral motion, seeking essentially the same relief as the

petition itself, be summarily denied.

## IV.  CERTIFICATE OF APPEALABILITY

A § 2254 habeas corpus Norwood cannot appeal an adverse ruling on his petition unless he is granted a Certificate of Appealability, ("COA").   28 U.S.C. § 2253(c)(1); Fed. R. App. P. 22(b)(1).   A COA cannot be granted, unless the peitioner "has made a substantial showing of the denial of a constitutional right."   28 U.S.C. § 2253(c)(3).   To make such a showing, "[t]he petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong."   *Slack v. Daniel*, 529 U.S. 473, 484 (2000).

In this case, the Court finds that it is extremely unlikely that any other court, including the Eighth Circuit Court of Appeals, would decide Norwood's claims any differently than they have been decided here.   Norwood has not identified, and the Court cannot independently discern, anything novel, noteworthy, or worrisome about this case that warrants appellate review.

 It is therefore recommended that Norwood should **not** be granted a COA in this matter.

## V.  RECOMMENDATION

Based on the foregoing, and all the files, records and proceedings herein,

**IT IS HEREBY RECOMMENDED** that:

1.  Norwood's application for a writ of habeas corpus, [Doc. No. 1], be **DENIED**;

2.  Norwood's collateral motion asking to have his state court conviction overturned, [Doc. No. 2], be **DENIED**;

3.  This action be **DISMISSED WITH PREJUDICE**; and

4.  Norwood should **NOT** be granted a Certificate of Appealability.


Dated:   December 28, 2011                                  *s/Steven E. Rau*
                                                            Steven E. Rau
                                                            United States Magistrate Judge

Under D. Minn. LR 72.2(b), any party may object to this Report and Recommendation by filing with the Clerk of Court, and serving all parties by **January 12, 2012**, a writing which specifically identifies those portions of this Report to which objections are made and the basis of those objections.   Failure to comply with this procedure may operate as a forfeiture of the objecting party's right to seek review in the Court of Appeals.   A party may respond to the objecting party's brief within ten days after service thereof.   A judge shall make a de novo determination of those portions to which objection is made.   This Report and Recommendation does not constitute an order or judgment of the District Court, and it is therefore not appealable to the Court of Appeals.